UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS STEFANOWICH,               )
                                 )
                    Plaintiff    )
                                 )
                                 )
         v.                      )       Civil Action No. 13-30020-KPN
                                 )
                                 )
CAROLYN W. COLVIN,               )
Acting Commissioner of Social    )
Security Administration,[1]      )
                                 )
                    Defendant    )

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS and
DEFENDANT'S MOTION FOR JUDGMENT AFFIRMING
THE COMMISSIONER'S DECISION
(Document Nos. 11 and 13)
January 30, 2014

NEIMAN, U.S.M.J.

    This action is brought by Louis Stefanowich ("Plaintiff") pursuant to 42 U.S.C. §

405(g) and 42 U.S.C. § 1383(c)(3) requesting judicial review of a final decision by the

Commissioner of the Social Security Administration ("Commissioner") regarding an

individual's entitlement to Supplemental Security Income and Social Security Disability

Insurance benefits.  Plaintiff has filed a motion for judgment on the pleadings and the

Commissioner, in turn, has moved to affirm.

    The parties have consented to this court's jurisdiction.  *See* 28 U.S.C. § 636(c);

_____

    [1] Carolyn W. Colvin became the Commissioner of Social Security on February
14, 2013 and is substituted as the defendant in this action pursuant to Fed. R. Civ. P.
25(d)(1) and (2).

Fed. R. Civ. P. 73.  For the following reasons, the court will allow the Commissioner's motion to affirm and deny Plaintiff's motion.

## I. DISCUSSION

The parties are well aware of the factual and procedural history of this case, the standard of review, and the applicable five-step sequential analysis.  Plaintiff advances two arguments as to why the decision by the Administrative Law Judge ("ALJ") was flawed.  First, Plaintiff asserts that the ALJ erred in finding that his back pain was a non-severe impairment.  Second, Plaintiff argues that the ALJ improperly focused on his past history of substance abuse in her credibility assessment.  In response, the Commissioner argues that substantial evidence supports the ALJ's findings.  The court finds both of Plaintiff's arguments unpersuasive.

A.  Severity Determination of Plaintiff's Alleged Back Pain

The ALJ conducted the hearing in accordance with the familiar five-step process set forth in both the regulations and case law.  *See* 20 C.F.R. §§ 404.1520 and 20 C.F.R. 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6-7 (1st Cir. 1982).  Plaintiff does not challenge the process used.  Rather, Plaintiff challenges the step-two determination regarding the severity of his back pain.  In particular, Plaintiff argues that, contrary to the ALJ's finding, the medical evidence supports a diagnosis of severe back pain that significantly limits his ability to perform basic work-related functions.  In addition, Plaintiff argues that, after determining that he did not provide adequate evidence about that pain, the ALJ should have ordered a Consultative Examination ("CE") with diagnostic testing.

The second step of the five-step analysis requires a claimant to show that he or

she has a severe impairment that "significantly limits the claimant's physical or mental capacity to perform basic work-related functions." 20 C.F.R. §§ 404.1520(c) and 416.920(c); *Goodermote*, 690 F.2d at 6-7. For Social Security disability purposes, the issue is not whether an impairment exists, but whether it is sufficiently severe to prevent work. *Church v. Astrue*, 2012 WL 369424, at *8 n.6 (D. Mass. Feb. 2, 2012) (finding diagnosis of a psychological disorder insufficient to establish disability without a showing of related functional loss); *Grady v. Astrue*, 2012 WL 4480739, at *8 (D. Mass. Sept. 28, 2012) (finding plaintiff must provide evidence that the impairments significantly limit his or her ability to perform basic work activities). Moreover, a claimant "has the burden of production and proof at the first four steps of the process." *Freeman v. Barnhart,* 274 F.3d 606, 608 (1st Cir. 2001); *see also* 20 C.F.R. §§ 404.1545(a)(3) and 416.945(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity.").

The court concludes that the ALJ did not err in finding that Plaintiff's alleged back pain is a non-severe impairment. First, the record demonstrates that, throughout the administrative process, back pain was not a major focus of Plaintiff. For example, Plaintiff failed to mention it in his application for benefits; he also testified multiple times during the hearing that his attitude and anger were the primary reasons he could not work. (A.R. at 88, 321, 326-27.) In fact, Plaintiff did not mention any lower back issues until asked by the ALJ toward the end of the hearing if there were "[a]ny other problems [she] should know about." (A.R. at 335.)

Second, the ALJ found, accurately in the court's opinion, that the record failed to demonstrate that Plaintiff's back pain resulted in more than a minimal limitation on his

ability to perform basic work activities. (A.R. at 160.) For example, although Plaintiff's treating physician noted Plaintiff's subjective complaints of such pain, the ALJ found the impairment to be non-severe considering the "sparse treatment" received by him and the lack of radiological studies. (A.R. at 16.) *See Morris v. Barnhart*, 78 F. App'x 820, 824 (3d Cir. 2003) ("[T]he mere memorialization of a claimant's subjective statements in a medical report does not elevate those statements to a medical opinion."). Moreover, Plaintiff's testimony to the contrary simply failed to carry his burden of demonstrating that his back impairment significantly limited his ability to work. *See Rose v. Shalala*, 34 F.3d 13, 18 (1st Cir. 1994) ("[T]he resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [the administrative law judge], not for the doctors or for the courts."); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981). The record, in the court's opinion, does not require a different result.

Even if the ALJ somehow erred at step two in not finding the back pain severe, which the court does not believe to be the case, such error was harmless. An administrative law judge's consideration of the impairments when assessing Residual Functional Capacity ("RFC") is deemed to be complete if there is at least one impairment found to be severe and the judge considered all impairments in the assessment. *Noel v. Astrue*, 2012 WL 2862141, at *6 (D. Mass. July 10, 2012) ("Even if the ALJ did err in his finding that Plaintiff's anxiety was not a severe impairment, that error was harmless. Because the ALJ found that Plaintiff had at least one severe impairment, the ALJ took into consideration all of Plaintiff's impairments, both severe and non-severe, when assessing his RFC."); *see also Perez v. Astrue*, 2011 WL

4

6132547, at *4 (D. Mass. Dec. 7, 2011).  Here, the ALJ found that Plaintiff had other impairments deemed to be severe, including bipolar disorder, memory loss, and learning disorder.  (A.R. at 15.)  The ALJ also explicitly stated that she "considered all symptoms" of both the severe and non-severe impairments in determining "that the claimant has the residual functional capacity to perform light work."  (A.R. at 17-18.) *See* 20 C.F.R. §§ 404.1545(a)(2) and 416.945(a)(2).  Therefore, any error at step two, if error there was, did not compromise the ALJ's consideration of Plaintiff's RFC.

The court also concludes that the ALJ did not err in failing to order a third CE. First, it must be understood that Plaintiff did not request such a consultative examination.  Second, to the extent Plaintiff is arguing that the ALJ ought to have ordered such an examination on her own volition, that argument is misplaced.  At best, Plaintiff asserts that the ALJ should have ordered another examination pursuant to Section I-2-5-20 of the Hearing, Appeals and Litigation Law (Lex) ("HALLEX") manual, an internal SSA directive that "defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the hearing, Appeals Council, and civil action levels."  HALLEX I–1–01, Purpose (Mar. 3, 2011), (http://www.ssa.gov/OP_Home/hallex/I-01/I-1-0-1.html).  That section provides as follows:

> If the claimant does not provide adequate evidence about his or her impairment(s) for the ALJ to determine whether the claimant is disabled or blind, and the ALJ or the HO staff is unable to obtain adequate evidence from the claimant's treating source(s) or other medical source(s), the ALJ *may* request a CE(s) and/or test(s) through the State agency.

HALLEX I -2-5-20, Consultative Examinations and Tests (Sept. 28, 2005),

(http://www.ssa.gov/OP_Home/hallex/I-02/I-2-5-20.html) (emphasis added).  As the

Commissioner points out, however, this provision only uses the discretionary word

"may" when outlining whether an administrative law judge should order CEs; this

discretionary phrasing also comports with the applicable regulations.  *See* 20 C.F.R. §§

404.1517 and 416.917 ("we *may* ask you to have one or more physical . . .

examinations") (emphasis added); 404.1519a(b) and 416.919a(b) ("[w]e *may* purchase

a consultative examination to try to resolve an inconsistency in the evidence")

(emphasis added); s*ee also McCuller v. Barnhart,* 72 F. App'x 155, 160 n.5 (5th Cir.

2003) ("[T]he ALJ's duty to undertake a full inquiry does not require a consultative

examination at government expense unless the record establishes that such an

examination is necessary to enable the ALJ to make the disability decision.").

       Here, not only did the ALJ have the discretion to order (or not order) a

consultative examination, but the evidentiary and testimonial record reflects no

necessity for such an examination.  Thus, even if a CE had been requested by Plaintiff

or otherwise considered by the ALJ, she would not have erred when failing to order a

further examination.

B.  Credibility Determination

       For his second argument, Plaintiff asserts that the ALJ improperly focused on his

history of substance abuse to undermine his credibility and, as a result, ignored

substantial medical evidence in the record.  In support, Plaintiff relies on *Clark v. Apfel*,

98 F. Supp. 2d 1182, 1185 (D. Or. 2000), for the proposition that, when it is impossible

to separate the effects of a poly-substance dependence from other possible medical

disorders, the former must be regarded as "non-material" to a determination of disability. The court is not persuaded.

At the outset, it is important to note that courts are to presume that administrative adjudicators are unbiased. *See Hayes v. Astrue*, 2013 WL 2325174, at *4 (D. Mass. Apr. 30, 2013) ("Plaintiff bears the burden of establishing a disqualifying predisposition on an administrative law judge's part.") (citing *Schweiker v. McClure*, 456 U.S. 188 (1982)). As it turns out, Plaintiff's same argument here was advanced in *Hayes*, where the administrative law judge cited several examples of the plaintiff purportedly seeking medical treatment but displaying behavior inconsistent with her stated symptoms. *Id.* at *5. Similarly relying on *Clark*, the *Hayes* plaintiff argued that the administrative law judge "should have classified [the plaintiff's] drug dependency as 'non-material.'" *Id.* at *6. This court determined, however, that such reliance was misplaced because "[t]he issue of materiality refers to situations in which it is unclear whether a claimant's disability is the result of various mental disorders or limitations from drug and alcohol abuse." *Id.* That, the court reasoned, was not the situation at bar: "[r]ather, the ALJ considered Plaintiff's drug dependency in determining her *credibility* with regard to her complaints of pain . . . . An administrative law judge is entitled to view such behavior as undermining a claimant's complaints of pain." *Id.* (emphasis in original); *see also Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistent reports of drinking behavior can affect credibility). That is true here as well.

In her decision, the ALJ discussed Plaintiff's history of alcohol abuse in the context of his misreporting that history as well as inconsistencies in the record between his subjective allegations and his physicians' objective observations. Both contexts

permissibly go to the issue of credibility, not disability.  *See McDonald v. Astrue*, 2011

WL 3562933, at *13 (D. Mass. Aug. 15, 2011) (finding no error in considering prior

alcohol abuse in the credibility assessment and that "inconsistent representations [of

drinking history] provide[d] a substantial basis to question [claimant's] credibility").  For

instance, the ALJ  noted that Plaintiff admitted to drinking five to ten beers per day in

January and February of 2009 (A.R. at 19) but only "admitted to having a 'couple' drinks

per night" when he began treating in April of 2009 with Vickie Verlinden, M.D.  (A.R. at

19, 134.)  And although Plaintiff smelled of alcohol during his first visit on April 16th and

"laboratory results revealed the claimant's organ systems were no longer handling the

amount of alcohol he was drinking," he "still denie[d] problems with alcohol."  (A.R. at

19, 133.)  Further, Plaintiff's later report on September 11, 2009, upon admission to the

hospital for detoxification, that he had been drinking twenty-four beers a day for two

years, obviously contradicted his earlier reports of drinking much less.  (A.R. at 20.)

     The ALJ also noted "several inconsistencies between the claimant's reports of

subjective symptoms and the objective findings of examinations."  (A.R. at 23.)  For

example, the ALJ found "a substantial disparity between the claimant's complaints . . . .

of constant, incapacitating pain and psychological symptoms" and the "objective

medical findings contained in the record."  (A.R. at 25.)  In addition, the ALJ explained

that Plaintiff "has engaged in self-diagnoses, [but] his self-diagnoses have not been

consistent with the records on evidence."  (A.R. at 23.)  For example, Plaintiff testified to

memory loss due to a "mini stroke," but a January 2010 CT scan revealed no such

evidence.  (A.R. at 18, 23.)  Plaintiff also alleged that his disability onset date was in

November of 2006, but there is little if any evidence of record prior to 2009; Plaintiff did

not treat with a primary care physician until April of 2009 and did not receive any other form of treatment in the four years prior.  (A.R. at 23.)

The ALJ properly relied on these and yet other inconsistencies in the record in determining Plaintiff's credibility.  Generally speaking, "[t]he credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings." *Frustaglia v. Sec'y of Health & Human Servs.,* 829 F.2d 192, 195 (1st Cir.1987) (*per curiam* ).  Here, the court finds, the ALJ adequately assessed the totality of the record, including but not limited to Plaintiff's inconsistent reporting regarding alcohol use, when assessing Plaintiff's credibility.

One last point in response to Plaintiff's arguments:  the ALJ was not required to conduct a materiality analysis.  An analysis of the materiality of a claimant's alcohol abuse is only necessary where all impairments, including substance abuse, render a claimant disabled.  *Fastner v. Barnhart*, 324 F.3d 981, 986 (8th Cir. 2003) (holding that an administrative law judge is not required to consider the materiality of substance abuse where he or she considers all impairments in his or her initial determination that no disability exists); *Reyes v. Astrue*, 2012 WL 2178963, at *6 (D. Mass. June 13, 2012) ("It is only necessary for an administrative law judge to conduct the drug and alcohol analysis *after* making a determination that a claimant is disabled.").  Here, the ALJ did not make an initial determination that Plaintiff would otherwise be entitled to disability; therefore, she was not required to segregate Plaintiff's substance abuse from his other impairments, and the materiality of Plaintiff's alcohol abuse is irrelevant.

II. CONCLUSION

9

For the reasons stated, the Commissioner's motion to affirm is ALLOWED and Plaintiff's motion is DENIED.

SO ORDERED.

January 30, 2014

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge